# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LAMAR SINGLETON, | CASE NO. 1:10-cv-02019-AWI-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| ELI LILLY CO., | |
| Defendant. | |

## I. INTRODUCTION AND FACTUAL BACKGROUND

On October 7, 2010, Plaintiff, LaMar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this action against Eli Lilly Co. ("Defendant"). Plaintiff claims that Defendant manufactured, marketed, and sold Zyprexa. Zyprexa is a prescription medication used to treat mental conditions such as schizophrenia and bipolar disorder. *See generally UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 124 (2d Cir. 2010). Plaintiff claims that taking Zyprexa caused him to develop type 2 diabetes, obesity, and permanent nerve damage and pain to both feet and hands. Plaintiff states that his claims arise under the Eighth and Fourteenth Amendments and requests $13,000,000 in damages.

## II. DISCUSSION

### A. Screening Requirement

In cases where the plaintiff is a prisoner proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### B. Legal Standard

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### C. No Cognizable Federal Claim

The only potential federal claims that appear on the face of Plaintiff's complaint are alleged violations of the Eighth and Fourteenth Amendments. The Eighth Amendment prohibits federal and state governments from imposing cruel and unusual punishments and from imposing excessive fines

and bail against individuals convicted of crimes.  U.S. Const. amend. VIII.  The Fourteenth Amendment encompasses a wide range of rights including citizenship, privileges and immunities, due process, equal protection, apportionment of representation, disqualification of officers, public debt, and enforcement.  U.S. Const. amend. XIV.

To the extent that Plaintiff is asserting civil rights causes of action pursuant to 42 U.S.C. § 1983,[1] those claims are not viable.  Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a claim pursuant to Section 1983, a plaintiff must plead facts indicating that the defendant acted under color of state law at the time the act complained of was committed and that the defendant deprived the plaintiff of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Generally, private parties are not acting under color of state law, and their conduct does not constitute state action.  *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

For the conduct of a private person or entity to constitute state action, there must generally be two elements, including the exercise of a state-created right, privilege, or rule of conduct (state policy), and an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor).  *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).  Plaintiff has pled no facts indicating that Defendant is a state actor or was acting under the color of state law.  Defendant appears to be a private corporation. Therefore, Plaintiff states no cognizable Section 1983 claim.

**D.     No Cognizable State Law Claim**

To the extent that Plaintiff has attempted to set forth a products liability claim pursuant to state law, that claim is insufficient.  Plaintiff asserts that he was prescribed Zyprexa, and the drug caused him to suffer nerve damage to both feet and hands.  He also asserts that use of Zyprexa

---

[1] If Plaintiff is not attempting to assert a claim under 42 U.S.C. § 1983, he should identify the federal statute applicable to his claim(s).

caused him to develop diabetes. (Doc. 1, at 3.)

A manufacturer of prescription drugs owes to medical professionals the duty of adequate warnings if it knows, or has reason to know, of any dangerous side effects of its drugs. *See Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 990 (C.D. Cal. 2001) (citing *Carlin v. Super. Ct.*, 13 Cal. 4th 1104, 1112-13 (1996)). California law provides that, in the case of prescription drugs, the duty to warn "runs to the physician, not to the patient." *Carlin*, 13 Cal. 4th at 1116. Therefore, a prescription drug manufacturer discharges its duty to warn if it provides adequate warnings to the physician about any known or reasonably knowable dangerous side effects, regardless of whether any warning reaches the patient. *Motus*, 196 F. Supp. 2d at 990-91. A plaintiff who asserts a products liability action based on a failure to warn must prove not only that no warning was provided or the warning was inadequate, but also that the inadequacy or the lack of the warning caused plaintiff's injury. *Lummer v. Lederle Labs.*, 819 F.2d 349, 358 (2d Cir. 1987) (applying California law).

It is not entirely clear whether Plaintiff intends to set forth a claim based on the failure to warn or some other theory of liability.[2] There are no facts pled that Defendant failed to adequately warn medical professionals regarding the side effects Plaintiff believes he suffers as a result of taking Zyprexa. Plaintiff also provides no facts regarding who prescribed him Zyprexa, how long he took Zyprexa, or why Plaintiff believes his symptoms are attributable to his use of Zyprexa. Plaintiff must set forth facts indicating how Defendant is liable for the symptoms and medical issues Plaintiff suffers that he believes to be related to his use of Zyprexa. Without additional facts, a state law claim for products liability is not cognizable. *Iqbal,* 129 S. Ct. at 1949 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Bell Atl. Corp.*, 550 U.S. at 555 )).

---

[2] Stating a products liability claim generally requires a plaintiff to indicate that the product has some particular defect. There are several types of product defects including (1) manufacturing defects, (2) design defects, and (3) failure-to-warn defects. *See Brown v. Super. Ct.*, 44 Cal. 3d 1049, 1057 (1988). Prescription drug manufacturers, however, can generally only be liable for a defect in a drug if it was improperly manufactured or it was distributed without adequate information regarding the risks and dangers of which the manufacturer knew or should have known. *Id*. at 1069 n.12 (explaining three theories of liability and noting that drug manufacturers could also be liable under general principles of negligence).

4

**E.      Subject Matter Jurisdiction**

Due in part to the insufficiency of Plaintiff's claims, the Court cannot ascertain that it has subject matter jurisdiction over this action. The jurisdiction of the federal courts is limited to matters expressly provided in the Constitution or through statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In civil disputes, federal subject matter jurisdiction exists where (1) requirements for diversity are met or (2) the complaint involves a federal question. 28 U.S.C. §§ 1332, 1331. Plaintiff fails to assert diversity, does not properly assert a Section 1983 claim, and fails to plead sufficient facts to implicate a federal question through complete preemption of state law by federal law. As pled, the Court cannot determine that it has subject matter jurisdiction with regard to Plaintiff's complaint.

     **1.      Federal Question**

As explained above, Plaintiff has failed to set forth a cognizable claim under the Constitution or federal law such that the Court can exercise federal question subject matter jurisdiction. Plaintiff has not alleged any state action with regard to the asserted constitutional violations. Plaintiff has also failed to identify any federal law that preempts what appears to be a tort claim arising under state law for products liability. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."). As pled, there are no cognizable claims under federal law. Therefore, the Court has no basis to exercise federal question jurisdiction.

     **2.      Diversity Jurisdiction**

Diversity jurisdiction exists in civil disputes between citizens of different states, where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a)(1). "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). "A person's domicile is [his/]her permanent home, where [he/]she resides with the intention to remain or to which [he/]she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."

5

28 U.S.C. §1332(c)(1).

While the amount of damages Plaintiff requests satisfies the amount in controversy requirement, Plaintiff has not pled sufficient facts indicating that diversity of citizenship exists. Currently, Plaintiff is incarcerated in Delano, California; however, Plaintiff has not set forth his state of domicile prior to his incarceration.[3] Plaintiff has also failed to specify Defendant's state of incorporation, and its principal place of business. Without factual allegations regarding the citizenship of the parties, the Court cannot conclude that subject matter jurisdiction exists on the basis of diversity.[4]

### F. Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading.

Plaintiff will be given an opportunity to amend the deficiencies of the complaint as outlined above. Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  CONCLUSION

Accordingly, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order. If Plaintiff again fails to file an amended complaint that states a claim and that adequately sets forth facts to support this court's jurisdiction, the Court will recommend that the entire action be dismissed

///

///

///

---

[3] The Court presumes that Plaintiff is a California resident, but Plaintiff should set forth his citizenship in an amended complaint.

[4] The Court notes that, on Plaintiff's form complaint, he did not complete the portion regarding how the court has jurisdiction over this action. (Doc. 1, at 1.)

for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

**Dated:     January 28, 2011**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE