# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR.,<br><br>               Plaintiff,<br><br>     v.<br><br>ELI LILLY, CO.,<br><br>               Defendant.<br>_____/ | CASE NO. 1:10-cv-02019-AWI-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

## I. INTRODUCTION

On October 7, 2010, Plaintiff, LaMar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this action against Eli Lilly, Co. ("Defendant"). Plaintiff claims that taking Zyprexa caused him to develop type 2 diabetes, obesity, severe metabolic complications with multiple cysts, and tumors on both kidneys. (Doc. 11, p. 3.) Zyprexa is a prescription medication used to treat mental conditions such as schizophrenia and bipolar disorder. *See generally UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 124 (2d Cir. 2010). Plaintiff states that Eli Lilly violated his constitutional rights. For the following reasons, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

## II.   DISCUSSION

### A.   Screening Requirement

In cases where the plaintiff is a prisoner proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### B.   Legal Standard

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### C.   No Cognizable Federal Claim

The only potential federal claims that appear on the face of Plaintiff's complaint are vague allegations of a violation of Plaintiff's constitutional rights. To the extent that Plaintiff is asserting

2

civil rights causes of action pursuant to 42 U.S.C. § 1983,[1] those claims are not viable. Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a claim pursuant to Section 1983, a plaintiff must plead facts indicating that the defendant acted under color of state law at the time the act complained of was committed and that the defendant deprived the plaintiff of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law, and their conduct does not constitute state action. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

For the conduct of a private person or entity to constitute state action, there must generally be two elements: (1) the exercise of a state-created right, privilege, or rule of conduct (state policy); and (2) an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor). *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff has pled no facts indicating that Defendant is a state actor or was acting under the color of state law. Defendant appears to be a private corporation. Therefore, Plaintiff states no cognizable Section 1983 claim.

**D.     No Cognizable State Law Claim**

To the extent that Plaintiff has attempted to set forth a products liability claim pursuant to state law, that claim is insufficient. Plaintiff asserts that he was prescribed Zyprexa while living with his family. (Doc. 11, p. 3.) At some point later, while in custody at the Los Angeles County Jail, he "was summoned along with 20 other inmates who were taking Zyprexa"; the inmates were tested for diabetes "because of possible dangers of Zyprexa." (Doc. 11, p. 3.) A week after he was tested, Plaintiff was informed that he had diabetes "directly from Zyprexa" and that he would have to take medication to treat the diabetes. Plaintiff asserts that Defendant's "lab[el] change did not take place

---

[1] If Plaintiff is not attempting to assert a claim under 42 U.S.C. § 1983, he should identify the federal statute applicable to his claim(s).

until Sept. 03, and clear doctors letter was not released until 3-04. Year after I had suffered lifelong diabet[es] from Zyprexa." (Doc. 11, p. 4.)

There are three theories of recovery which may be available to a plaintiff in an action against a prescription drug manufacturer if the manufacturer fails to warn of side effects association with a prescription drug: negligence, strict liability in tort, and breach of implied warranty. In any of the theories relied upon, the liability of a drug manufacturer in an action for a failure to warn of side effects associated with a prescription drug requires the plaintiff to allege (and later in the litigation, to prove) that: (1) the manufacturer had a duty to warn medical professionals or, in some limited cases, the consumer, regarding the known side effects of the drug; (2) the standard of care the manufacturer was required to use in fulfilling its duty to warn; (3) breach of the manufacturer's duty to warn by providing an inadequate warning; (4) injury suffered by the plaintiff is attributable to the manufacturer's failure to provide an adequate warning; and (5) the manufacturer's failure to warn was the proximate cause of the plaintiff's injury. *See generally Carlin v. Super. Ct.*, 13 Cal. 4th 1104 (1996)).

A manufacturer of prescription drugs owes to medical professionals the duty of adequate warnings if it knows, or has reason to know, of any dangerous side effects of its drugs. *See Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 990 (C.D. Cal. 2001) (citing *Carlin*, 13 Cal. 4th at 1112-13. California law provides that, in the case of prescription drugs, the duty to warn "runs to the physician, not to the patient." *Carlin*, 13 Cal. 4th at 1116. Therefore, a prescription drug manufacturer discharges its duty to warn if it provides adequate warnings to the physician about any known or reasonably knowable dangerous side effects, regardless of whether any warning reaches the patient. *Motus*, 196 F. Supp. 2d at 990-91. A plaintiff who asserts a products liability action based on a failure to warn must prove not only that no warning was provided or the warning was inadequate, but also that the inadequacy or the lack of the warning caused plaintiff's injury. *Lummer v. Lederle Labs.*, 819 F.2d 349, 358 (2d Cir. 1987) (applying California law). The duty to warn is a continuing duty, requiring a manufacturer to notify the medical profession of any side effects of a prescription drug which are subsequently discovered, and is based on the application of scientific

knowledge available at the time of manufacture and distribution of the drug. *See Brown v. Super. Ct.* 44 Cal. 3d 1049 (1988); *Carlin*, 13 Cal. 4th at 1109 (manufacturers are strictly liable for injuries caused by failure to give warning of dangers known to scientific community at the time of manufacture and distribution of the product).

Plaintiff has failed to allege sufficient facts to set forth a products liability claim against Defendant. First, Plaintiff does not allege that Eli Lilly manufactured Zyprexa. For there to be any potential liability against Defendant, Defendant must be alleged to have been the manufacturer of Zyprexa and that Defendant put it into the stream of commerce. Thus, Plaintiff has not adequately asserted that Defendant had any duty to warn the medical profession regarding the side effects of Zyprexa.

Second, Plaintiff claims that he was first prescribed Zyprexa in 1999, but there are no facts pled that Defendant or the wider scientific community was aware of any of the alleged harmful side effects of the drug in 1999 for which it failed to warn the medical profession. While a manufacturer's duty to warn is a continuing one, Plaintiff has not set forth when Defendant or the wider scientific community became aware of the harmful side effects Plaintiff alleges resulted from the use of Zyprexa. Plaintiff alleges that a "label change" occurred in September 2003 and that Defendant sent letters to medical professionals in March 2004. Plaintiff has not alleged, however, to what the label change related, whether it contained a warning, or what that warning included. Further, Plaintiff provides no facts regarding the March 2004 letter to the medical professionals, whether the letter contained a warning about side-effects of a drug, and whether that warning was inadequate. Plaintiff must allege more than that he took Zyprexa and suffered adverse side-effects. Rather, to sufficiently allege that Defendant breached its duty of care, Plaintiff must allege facts showing that Defendant distributed Zyprexa at a time when Defendant knew or had reason to know of harmful side-effects of the drug about which it failed to adequately warn the medical profession.

Without additional facts, a state law claim for products liability is not cognizable. *Iqbal*, 129 S. Ct. at 1949 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Bell Atl. Corp.*, 550 U.S. at 555 )).

5

**E.     Amended Complaint Must Be Complete In Itself Without Reference to Any Prior Pleading**

Plaintiff will be given an opportunity to amend the deficiencies of the complaint as outlined above.  Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.     CONCLUSION

Accordingly, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.  If Plaintiff again fails to file an amended complaint that states a claim, the Court will recommend that the entire action be dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

**Dated:     June 28, 2011**                              /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE