1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., | CASE NO. 1:10-cv-02019-AWI-SKO |
| | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND** |
| Plaintiff, | |
| v. | |
| ELI LILLY, CO., | **OBJECTIONS DUE: 28 DAYS** |
| Defendant. | |
| _____/ | |

## I.   INTRODUCTION

On October 7, 2010, Plaintiff, LaMar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this action against Eli Lilly, Co. ("Defendant").  Plaintiff claims that taking Zyprexa caused him to develop diabetes, severe obesity, and severe metabolic complications. (Doc. 17, p. 3.)  Zyprexa is a prescription medication used to treat mental conditions such as schizophrenia and bipolar disorder.  *See generally UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 124 (2d Cir. 2010).

For the following reasons, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND.

## II.   DISCUSSION

### A.   Procedural Background

Plaintiff filed his complaint on October 27, 2010.  (Doc. 1.)  The complaint was dismissed on January 28, 2011, with leave to amend.  (Doc. 7.)  Plaintiff failed to file timely an amended complaint, and it was recommended that Plaintiff's complaint be dismissed with prejudice for failure to comply with the Court's January 28, 2011, order.  (Doc. 8.)  During the objection period, Plaintiff filed a motion for a 60-day extension of time to file an amended complaint.  (Doc. 9.)  The Findings and Recommendations were withdrawn, and Plaintiff was permitted 60 days to file a First Amended Complaint.  (Doc. 10.)

On June 6, 2011, Plaintiff filed a First Amended Complaint, which was dismissed with 30-days leave to amend.  (Doc. 12.)  After numerous extensions of time to file an amended complaint, Plaintiff filed a Second Amended Complaint on January 9, 2012.  (Doc. 17.)

### B.   Screening Requirement

In cases where the plaintiff is a prisoner proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### C.   Legal Standard

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard as that pursuant to Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A]

complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short

of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*,

550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in

a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

(quoting *Twombly*, 550 U.S. at 555).

**D.     No Cognizable Federal Claim Under 42 U.S.C. § 1983**

        To the extent that Plaintiff alleges civil rights causes of action pursuant to 42 U.S.C. § 1983

for violation of the Eighth and Fourteenth Amendments, those claims are not viable.   Section 1983

provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected,
> any citizen of the United States . . . to the deprivation of any rights, privileges, or
> immunities secured by the Constitution . . . shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress. . . .

        To state a claim pursuant to Section 1983, a plaintiff must plead facts indicating that the

defendant acted under color of state law at the time the act complained of was committed and that

the defendant deprived the plaintiff of the rights, privileges, or immunities secured by the

Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.

1986). Generally, private parties are not acting under color of state law, and their conduct does not

constitute state action. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

        For the conduct of a private person or entity to constitute state action, there must generally

be two elements: (1) the exercise of a state-created right, privilege, or rule of conduct (state policy);

and (2) an actor who is either a state official, one who has acted together with a state official or has

obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state

actor). *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff has pled no facts indicating

that Defendant is a state actor or was acting under the color of state law.

1    Defendant appears to be a private corporation.  Therefore, Plaintiff states no cognizable

2    Section 1983 claim.  Plaintiff was previously informed of this deficiency, and any attempt at

3    amendment would be futile.

4    **E.      Products Liability State Law Claim**

5          There are three theories of recovery which may be available to a plaintiff in an action against

6    a prescription drug manufacturer for a failure to warn of side effects associated with a prescription

7    drug: negligence, strict liability in tort, and breach of implied warranty.  In any of the theories relied

8    upon, the liability of a drug manufacturer in an action for a failure to warn of side effects associated

9    with a prescription drug requires the plaintiff to allege (and later in the litigation, to prove) that: (1)

10   the manufacturer had a duty to warn medical professionals or, in some limited cases, the consumer,

11   regarding the known side effects of the drug; (2) the standard of care the manufacturer was required

12   to use in fulfilling its duty to warn; (3) breach of the manufacturer's duty to warn by providing an

13   inadequate warning; (4) injury suffered by the plaintiff is attributable to the manufacturer's failure

14   to provide an adequate warning; and (5) the manufacturer's failure to warn was the proximate cause

15   of the plaintiff's injury.  *See generally Carlin v. Super. Ct.*, 13 Cal. 4th 1104 (1996).

16         A manufacturer of prescription drugs owes medical professionals the duty of adequate

17   warnings if it knows, or has reason to know, of any dangerous side effects of its drugs.  *See Motus*

18   *v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 990 (C.D. Cal. 2001) (citing *Carlin*, 13 Cal. 4th at 1112-13).

19   California law provides that, in the case of prescription drugs, the duty to warn "runs to the

20   physician, not to the patient."  *Carlin*, 13 Cal. 4th at 1116.  Therefore, a prescription drug

21   manufacturer discharges its duty to warn if it provides adequate warnings to the physician about any

22   known or reasonably knowable dangerous side effects, regardless of whether any warning reaches

23   the patient.  *Motus*, 196 F. Supp. 2d at 990-91.  A plaintiff who asserts a products liability action

24   based on a failure to warn must allege facts establishing not only that no warning was provided or

25   the warning was inadequate, but also that the inadequacy or the lack of the warning caused plaintiff's

26   injury.  *Lummer v. Lederle Labs.*, 819 F.2d 349, 358 (2d Cir. 1987) (applying California law).  The

27   duty to warn is a continuing duty, requiring a manufacturer to notify the medical profession of any

28

1   side effects of a prescription drug which are subsequently discovered, and is based on the application

2   of scientific knowledge available at the time of manufacture and distribution of the drug.  *See Brown*

3   *v. Super. Ct.* 44 Cal. 3d 1049, 1065-66 (1988); *Carlin*, 13 Cal. 4th at 1109 (manufacturers are strictly

4   liable for injuries caused by failure to give warning of dangers known to scientific community at the

5   time of manufacture and distribution of the product).

6        Plaintiff claims that he was first prescribed Zyprexa in 1999, but there are no facts pled that

7   Defendant or the wider scientific community was aware of any of the alleged harmful side effects

8   of the drug in 1999 of which Defendant failed to warn the medical profession.  Instead, Plaintiff

9   asserts that in 1996 Defendant warned that Zyprexa may cause mild obesity.  (Doc. 17, p. 4.)

10  Plaintiff alleges that "it was widely known at that time 'severe' obesity caused diabe[tes]." (Doc. 17,

11  p. 4.)  Plaintiff does not allege that Defendant knew or had reason to know that Zyprexa caused

12  severe obesity at the time the drug was prescribed to Plaintiff or that Zyprexa might cause diabetes.

13  While a manufacturer's duty to warn is a continuing one, Plaintiff has not alleged facts regarding

14  when Defendant or the wider scientific community became aware or should have known of the

15  harmful side effects Plaintiff alleges resulted from the use of Zyprexa.

16       Even assuming there are sufficient facts to reasonably infer when Defendant and the larger

17  scientific community were aware of the harmful effects of Zyprexa and adequate warnings were not

18  provided, the facts alleged in the Second Amended Complaint establish that Plaintiff's claim is

19  barred by the applicable California statute of limitations. *Von Saher v. Norton Simon Museum of Art*

20  *at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (A claim may be dismissed under Rule 12(b)(6) on

21  the ground that it is barred by the applicable statute of limitations where the running of the statute

22  is apparent on the face of the complaint).

23       Pursuant to California law, products liability actions involving personal injury, as alleged in

24  this case,  are subject to California's personal-injury statute of limitation. *See Braxton-Secret v. A.H.*

25  *Robins Co.*, 769 F.2d 528, 530 (9th Cir. 1985).  California Code of Civil Procedure Section 335.1

26  imposes a two-year statute of limitation on actions alleging personal injury.  The statute of limitation

27  begins to run "once the injured party knows of or, by the exercise of reasonable diligence, should

28

have discovered the injury and its cause." *Braxton-Secret*, 769 F.2d at 530 (citing *Pereira v. Dow Chem. Co.*, 129 Cal. App. 3d 865, 873 (1982) and *G.D. Searle*, 49 Cal. App. 3d 22, 25 (1975)). Although actual knowledge of the cause of the injury is not required, where a "plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation . . . the statute commences to run." *Id.* at 530 (internal citations and quotation marks omitted).

Here, Plaintiff asserts the following:

> Plaintiff was first prescribed Zyprexa in 1999 . . . [and] the first few months Plaintiff noticed severe weight gain. In 2000[,] [P]laintiff was prescribed Zyprexa in L.A. County Jail after arriving in L.A. County Jail on current conviction[.] [T]wo-and-a-half months later everyone who was prescribed Zyprexa was summoned to medical where 20 or so of us were told we were being all tested for diabe[tes]. A week or so later I was informed by [d]octors that I had contracted diabetes. After telling [t]he [d]octors [m]y [f]amily and personal history[,] [d]octors and nurses informed me that they were certain I had contracted [diabetes] from Zyprexa.

(Doc. 17, p. 3.) Thus, Plaintiff contends that as early as 2000 he was aware of both his injuries and the alleged cause of those injuries. Plaintiff's current complaint was not filed until October 2010; as a result, Plaintiff's claim is time barred.

In *In re Zyprexa Prods. Liab. Litig.*, 489 F. Supp. 2d 230 (E.D.N.Y 2007), the court examined a similar statute of limitations issue under Pennsylvania law related to injuries caused by Zyprexa. In that case, the plaintiff, who had been prescribed Zyprexa, was diagnosed with diabetes and his physician was aware of the potential causal connection between Zyprexa and diabetes. *Id.* at 278. The court explained that, "[m]easured either against the date Cusella developed diabetes – August 1999 – or the latest possible date Dr. Gamine was aware of the potential causal connection between Zyprexa and diabetes – March 2004 – Pennsylvania's two year statute of limitations had run on Cusella's claim before he filed this suit in April 2006. Cusella's suit is time barred."[1] *Id.* Similarly in this case, Plaintiff alleges he was diagnosed with diabetes in 2000 and he was informed by doctors that his diabetes was caused by his usage of Zyprexa. Plaintiff also alleges that Defendant

---

[1] The March 2004 date discussed by the court refers to "Dear Doctor" letters that were issued in March 2004 by Eli Lilly providing widespread warnings. *In re Zyprexa Prods. Liab. Litig.*, 489 F. Supp. 2d at 240, 245 (discussing generally the distribution of "Dear Doctor" letters in March 2004).

issued a "Dear Doctor Letter in 2003 informing all physicians of the dangers of Zyprexa and the risks of severe obesity, diabetes . . . " (Doc. 17, 4:7-9.)  Even if the statute did not begin to run until the Dear Doctor Letter was purportedly issued in 2003, Plaintiff's claim still remains time barred.  These allegations establish that the California statute of limitations has run with respect to Plaintiff's products liability claim long before Plaintiff's complaint was filed in October 2010.

Further, even assuming Plaintiff's cause of action was subject to tolling due to his incarceration, the cause of action is still time-barred pursuant to California Code of Civil Procedure Section 352.  Section 352 provides that, if a person entitled to bring an action is, at the time the cause of action accrued, "imprisoned on a criminal charge . . . for a term less than for life, the time of that disability is not part of the time limited for the commencement of the action, not to exceed two years."  At most, Plaintiff's claim would have been tolled for two (2) years, and the statute of limitations still would have expired before Plaintiff's complaint was filed.

Finally, there are no facts to suggest that equitable tolling is appropriate.  *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) ("[e]quitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" (internal citations omitted)); *see also Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003) ("Equitable tolling is a judge-made doctrine which operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." (internal citations and quotation marks omitted)).

It is apparent from the face of Plaintiff's complaint that the statute of limitations with respect to Plaintiff's claim has run and the claim is time barred.  *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

**F.     Inadequate Medical Care Claim**

For the first time, Plaintiff's Second Amended Complaint appears to allege a claim against a new defendant identified as Sherri Lopez.[2]  (Doc. 17, p. 5.)  Plaintiff asserts that Lopez

---

[2] This defendant is not identified in the caption of Plaintiff's form Second Amended Complaint, nor is Sherri Lopez identified as an additional defendant in the portion of the form used to list the names of all defendants.  (*See* Doc. 17, p. 2.)

1  "disregarded a professional licensed health care doctor['s] recommendation for biopsy and failed to

2  perform with customary standards and has failed to use diagnostic procedures as instrument [sic] to

3  inform Plaintiff, Plaintiff['s] wife, and 4 children of possible life threat[ening] disease like cancer

4  . . . . " (Doc. 17, p. 5:3-7.)

5  The complaint contains very few details that indicate who Sherri Lopez is or how she was

6  responsible for Plaintiff's medical care.  Construed in the light most favorable to Plaintiff, it appears

7  Plaintiff is attempting to state an inadequate medical care claim against a prison official.  There does

8  not appear to be any relationship between the facts alleged as to Sherri Lopez and the facts alleged

9  against Defendant Eli Lilly.  Federal Rule of Civil Procedure 20 provides that persons may be joined

10 in one action as defendants if:

(A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)  any question of law or fact common to all defendants will arise in the action.

14 Fed. R. Civ. P. 20(a)(2)(A)-(B).  Here, there does not appear to be any question of law or fact that

15 would be common between the products liability claim Plaintiff attempts to set forth against

16 Defendant Eli Lilly and the inadequate medical care claim that Plaintiff appears to allege against

17 Defendant Sherri Lopez.  While Plaintiff is free to file a complaint against Sherri Lopez in a separate

18 action, there is no common question of law or fact between Defendant Lopez and Defendant Eli Lilly

19 such that they may be joined in this suit.

### III.   CONCLUSION AND RECOMMENDATION

21 For the reasons set forth above, the Court RECOMMENDS that Plaintiff's complaint be

22 DISMISSED WITHOUT LEAVE TO AMEND.

23 These findings and recommendations are submitted to the district judge assigned to this

24 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-eight

25 (28) days of service of this recommendation, any party may file written objections to these findings

26 and recommendations with the Court and serve a copy on all parties.  Such a document should be

27 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

8

will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 5, 2012**                                        /s/ **Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE